### John Dixon v. The State.

No. 1013. Decided March 29, 1911.

Rehearing Denied April 19, 1911.

**1.—Theft—Charge of Court—Felony—Misdemeanor.**

Where, upon trial of theft over the value of $50, the court submitted the question of value in a proper charge as to whether the offense was a felony or a misdemeanor, there was no error.

**2.—Same—Argument of Counsel—Bill of Exceptions.**

Where, upon appeal from a conviction of theft, there was no bill of exceptions in the record as to the remarks of the State's counsel, the same could not be considered.

**3.—Same—Charge of the Court—Sufficiency of the Evidence—Practice on Appeal.**

Where, upon appeal from a conviction of theft, the record did not show that any grounds were pointed out sufficiently as cause for reversal, and the evidence was sufficient to sustain the conviction, and the court submitted the law as applicable to the facts, there was no reversible error.

**4.—Same—Charge of Court—Recent Possession.**

Where the question of possession of property recently stolen was not raised by the evidence, it was not necessary to charge thereon.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*L. W. Greenly,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of the theft of a gold watch and chain on September 15, 1910, alleged to be of the value of $50 and $60 respectively. The penalty was fixed at three years in the penitentiary.

The evidence clearly establishes that several times prior to September 15, 1910, the appellant applied to Mrs. Smith for work; that on the day before the theft he again applied and she told him to come back the next day when she would give him some work. He did go back the next day sometime during the morning, and she employed him to clean up her house. Smith, her husband, was a photographer. Just before she put the appellant to work in the room to clean it up she took the watch and chain and locked it up in a wardrobe. She

then put the appellant to work and went out of the room, remaining about fifteen minutes; when she returned the wardrobe was open, the watch and chain and the appellant gone. He did not come out the front way but went out the back; there was no other way for him to go, as shown by the testimony of the witness. No one else was in the room where the watch and chain were from the time the witness left it with the appellant therein until she returned.

On the same day the watch was stolen the appellant sold it for five dollars to another negro by the name of Bill Ball. On the same day he pawned the chain to a pawnbroker and got five dollars thereon. Immediately after the theft the appellant was suspected and the watch and chain recovered—the watch from Ball, to whom the appellant had sold it, and the chain from the pawnbroker to whom he had pawned it. There was no question about the identity of either article. The testimony by several witnesses as to the value of the watch and chain fixed their value, the lowest at $40 and the highest at $110.

1. The court correctly defined theft and applied the law to the facts of this case. He also submitted the value to the jury and told them that if the value was $50 or over, to find the appellant guilty of a felony, and if under $50, a misdemeanor, correctly giving the penalty for each. He charged on circumstantial evidence, alibi, presumption of innocence and reasonable doubt.

2. There is no bill of exception in the record, although the motion for a new trial complains of some objectionable remarks by the county attorney. The motion itself, however, shows that the judge charged the jury not to consider them. As these matters are not presented by a proper bill, we can not consider them, though, as the record shows, there would be no error even if we could.

3. The motion for new trial is on the following grounds: "(1) Because the verdict and judgment are contrary to and unsupported by the evidence. (2) Because the State relied on the testimony of Bill Ball for conviction, and it was not shown that the defendant sold the watch to him. (3) Because the court erred in failing to charge, on the recent possession of stolen goods, his charge to the jury upon the law applicable to the finding of alleged recently stolen property in the possession of the accused; that is (4), the State relied upon the evidence of Bill Ball that he got the watch from defendant, the alleged recently stolen property, for a conviction, and the court should have instructed the jury as to the law applicable to the same." He then makes two what he calls assignments of error. "First, because the State relied upon the testimony of Bill Ball for conviction, the said Ball claiming that he bought the watch from appellant, and the court should have charged the jury on the law applicable to the finding of alleged recently stolen property. Second, the court erred in overruling defendant's motion for new trial."

None of these grounds point out any reversible error whatever in the record. The preponderance of the evidence clearly supports the

conviction. The testimony of Bill Ball is positive and clear, that on the day the watch was stolen he bought it from the appellant. It was afterwards, on the same day, clearly identified by the owner and delivered to him. The chain was also clearly identified by the owner and recovered from the pawnbroker, to whom appellant had pawned it the day it was stolen. Neither article was found upon the appellant. The question of his being in possession of recently stolen property was inapplicable and unnecessary to be charged in this case.

There is no error in the record and the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 19, 1911.—Reporter.]